http://www.va.gov/vetapp16/Files4/1634335.txt

Citation Nr: 1634335 
Decision Date: 08/31/16 Archive Date: 09/06/16

DOCKET NO. 12-02 548 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUE

Entitlement to a disability rating in excess of 10 percent for residuals of prostate cancer.

REPRESENTATION

Veteran represented by: The American Legion

ATTORNEY FOR THE BOARD

M. D. Bruce, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1963 to November 1965.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2010 rating decision from the Department of Veterans Affairs (VA) Regional Office. This matter was remanded in April 2016.

FINDING OF FACT

Throughout the period on appeal, the Veteran's residuals of prostate cancer were manifested, at worst, by urinary leakage which did not require the wearing of absorbent materials, daytime voiding at intervals of two to three hours, and awakening to void up to two times per night. 

CONCLUSION OF LAW

The criteria for a disability rating in excess of 10 percent for residuals of prostate cancer have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. 
§§ 4.115a, 4.115b, Diagnostic Code 7528 (2015). 

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

Under the Veterans Claims Assistance Act of 2000, VA has a duty to notify and assist a claimant in the development of a claim. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2015). The duty to notify was satisfied by an October 2010 letter.
In addition, the Board finds that the duty to assist a claimant has been satisfied. The Veteran's service treatment records are on file, as are various post-service medical records and VA examination reports. 

The Board also notes that the actions requested in the prior remand have been undertaken. Specifically, the Agency of Original Jurisdiction (AOJ) obtained an additional VA examination and issued a supplemental statement of the case. The April 2016 remand also directed the AOJ to ask the Veteran to provide the names of any treatment providers, private or VA. The AOJ solicited this information, but the Veteran did not respond or provide a release for any records. Accordingly, the Board finds that there has been substantial compliance with the prior remand instructions and no further action is necessary. See D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict, compliance with the terms of a Board remand is required pursuant to Stegall v. West, 11 Vet. App. 268 (1998)).

After a careful review of the file, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). 

II. Analysis

The Board has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that all the evidence submitted by the appellant or obtained on his behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claim and what the evidence in the claims file shows, or fails to show, with respect to the claim. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Except as otherwise provided by law, a claimant has the responsibility to present and support a claim for benefits under the laws administered by VA. VA shall consider all information and medical and lay evidence of record. Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102; see also Gilbert v. Derwinski, 
1 Vet. App. 49, 53 (1990).

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule), and are intended to represent the average impairment of earning capacity resulting from disability. 38 U.S.C.A. § 1155; 38 C.F.R. § 4.1 (2015). Disabilities must be reviewed in relation to their history. 38 C.F.R. § 4.1. Other applicable, general policy considerations are: interpreting reports of examination in light of the whole recorded history, reconciling the various reports into a consistent picture so that the current rating may accurately reflect the elements of disability, 38 C.F.R. § 4.2 (2015); resolving any reasonable doubt regarding the degree of disability in favor of the claimant, 38 C.F.R. § 4.3 (2015); where there is a question as to which of two evaluations apply, assigning the higher of the two where the disability picture more nearly approximates the criteria for the next higher rating, 38 C.F.R. § 4.7 (2015); and, evaluating functional impairment on the basis of lack of usefulness and the effects of the disability upon the person's ordinary activity, 38 C.F.R. § 4.10 (2015). See Schafrath v. Derwinski, 1 Vet. App. 589 (1991).

A claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Thus, separate ratings can be assigned for separate periods of time based on the facts found - a practice known as "staged" ratings. Fenderson v. West, 12 Vet. App. 119 (1999); Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran's residuals of prostate cancer are rating as 10 percent disabling under 38 C.F.R. § 4.115b, Diagnostic Code 7528. The Board notes that the Veteran's residuals of prostate cancer have also resulted in erectile dysfunction which is separately service connected and rated. As that issue is not on appeal, erectile dysfunction is not discussed herein. See 38 C.F.R. § 4.14 (the evaluation of the same manifestation or disability under different diagnoses is to be avoided).

Under Diagnostic Code 7528, malignant neoplasms of the genitourinary system should be rated as 100 percent disabling. 38 C.F.R. § 4.115b. A Note to this code section states that, following the cessation of surgical, x-ray, antineoplastic chemotherapy or other therapeutic procedure, the rating of 100 percent shall continue with a mandatory VA examination at the expiration of six months. Any change in evaluation based upon that or any subsequent examination shall be subject to the provisions of 38 C.F.R. § 3.105(e) (2015). If there has been no local reoccurrence or metastasis, a rating should be established based on residuals as voiding dysfunction or renal dysfunction, whichever is predominant. As there is no evidence of renal dysfunction in this case, those rating criteria will not be discussed.

Under 38 C.F.R. § 4.115a, voiding dysfunction is rated with regard to urine leakage, frequency, or obstructive voiding. 

Continual urine leakage, post-surgical urinary diversion, urinary incontinence, or stress incontinence requiring the wearing of absorbent materials which must be changed less than two times per day warrants a 20 percent rating. The need to wear absorbent materials which must be changed two to four times per day warrants a 40 percent rating. The use of an appliance or wearing of absorbent materials which must be changed more than four times per day warrants a 60 percent rating. 

Urinary frequency with a daytime voiding interval between two and three hours or awakening to void two times per night warrants a 10 percent rating. A daytime voiding interval between one and two hours or awakening to void three to four times per night warrants a 20 percent rating. A daytime voiding interval of less than one hour or awakening to void five or more times per night warrants a 40 percent rating. Id.

Obstructive voiding symptomatology with marked obstructive symptomatology with any one or combination of: post void residuals greater than 150 cc, a markedly diminished peak flow rate of less than 10 cc/sec, recurrent urinary tract infections secondary to obstruction, or stricture disease requiring periodic dilatation every two to three months, warrants a 10 percent rating. Urinary retention requiring intermittent or continuous catheterization warrants a 30 percent rating. Id.

Urinary tract infection where the evidence shows recurrent symptomatic infection requiring drainage and frequent hospitalization (greater than two times per year) and/or requiring continuous intensive management warrants a 30 percent rating. Id.

The Veteran underwent VA examination in October 2010 and reported a daytime voiding interval of two to three hours, awakening to void once per night, and urinary leakage due to stress incontinence which did not require the wearing of absorbent materials. The examiner noted that there was no evidence of urgency, straining to urinate, hematuria, urine retention, hesitancy or difficulty starting a stream, obstructed voiding, or renal dysfunction. The Veteran had a history of recurrent urinary tract infections, but none which required hospitalization or drainage within the past 12 months, and which had a total duration of treatment by medication of less than one month. The examiner opined that the Veteran's residuals of prostate cancer would have mild to moderate effects on the Veteran's usual daily activities, and noted that the Veteran avoided some activities requiring physical strain due to urinary leakage.

The Veteran next underwent VA examination in April 2012. The Veteran reported occasional urinary leakage with coughing or sneezing, but which did not require the wearing of absorbent materials. The examiner noted no increased urinary frequency, obstructed voiding, or requirement for an appliance. There was no evidence of recurrent urinary tract infections, and no other residual conditions beyond the separately-rated erectile dysfunction. The examiner noted a residual scar which was not painful or unstable and was not greater than six square inches in area.

The Veteran most recently underwent VA examination in May 2016. The examiner noted that the Veteran underwent a circumcision due to balanitis in 2014, but opined that this condition was separate and apart from and not proximately or causally related to the Veteran's prostate cancer or residuals. The Veteran reported urinating between zero and two times per night and every four hours during the day, although the examiner later noted a daytime voiding interval between two and three hours. The Veteran again reported stress incontinence with sneezing or lifting heavy objects which he indicated was worsening, although it still did not require the wearing of absorbent materials. The examiner noted no recurrent infections and no evidence of obstructed voiding. The examiner opined that the Veteran would be limited in his ability to lift objects over 15 pounds due to urinary leakage.

The Board has considered the Veteran's lay assertions as to the symptomatology and the severity of his condition, but, to the extent the Veteran believes that he is entitled to a higher rating than assigned herein, concludes that the findings during medical evaluation are more probative than the lay assertions to that effect. Furthermore, the findings of the medical evaluations are based primarily on the reports of the Veteran. The Board has also reviewed the Veteran's VA treatment records throughout the period on appeal. The records are generally negative for any genitourinary complaints and are otherwise consistent with the rating assigned.

Upon review, the Board finds the evidence does not indicate that a disability rating in excess of 10 percent is warranted at any point during the pendency of the appeal. At worst, the Veteran's residuals of prostate cancer were manifested by a daytime voiding interval of two to three hours and nighttime awakening to void up to two times. While the Veteran experienced stress incontinence, it did not require the wearing of absorbent materials. The Veteran did not have symptoms of obstructed voiding or renal dysfunction and did not require the use of an appliance. Furthermore, while recurrent urinary tract infections were noted on examination in October 2010, they were not shown to require drainage, frequent hospitalization, or continuous intensive management. Accordingly, none of the criteria for a disability rating in excess of 10 percent have been met. 

The Board has considered whether any separate evaluation may be warranted for the Veteran's disability under the Rating Schedule as required by Schafrath, 1 Vet. App. 589. However, the Board finds no basis upon which to assign a separate evaluation. As noted above, the Veteran's related erectile dysfunction is separately rated and the Veteran is in receipt of Special Monthly Compensation for the loss of use of a creative organ. Further, while the Veteran has a scar associated with his residuals of prostate cancer, no compensable rating is allowed here as it is not painful or unstable, does not measure more than six square inches in area, and does not appear to produce any disabling effects. See 38 C.F.R. § 4.118, Diagnostic Codes 7804, 7805 (2015). To the extent that the Veteran has alleged he has psychiatric symptoms as a result of this service-connected disability, the Board notes that he has twice claimed entitlement to service connection for an acquired psychiatric disorder as secondary to residuals of prostate cancer and has twice been denied due to a lack of a current disability; the record does not reflect a psychiatric diagnosis. Accordingly, no separate rating is available.

The Board has also considered whether the Veteran's residuals of prostate cancer present an exceptional or unusual disability picture as to render impractical the application of the regular schedular standards such that referral of the disability to the appropriate officials for consideration of an extraschedular rating is warranted. See 38 C.F.R. § 3.321(b)(1) (2015); Bagwell v. Brown, 9 Vet. App. 337, 338-39 (1996). The threshold factor for extraschedular consideration is a finding that the established schedular criteria are inadequate to describe the severity and symptoms of the claimant's disability. See Thun v. Peake, 22 Vet. App. 111, 118 (2008). Here, the applicable rating criteria reasonably describe the Veteran's disability level and symptomatology for his voiding dysfunction and provide for additional or more severe symptoms than currently shown by the evidence. Thus, the Veteran's disability picture is contemplated by the rating schedule and the assigned schedular evaluation for the service-connected residuals of prostate cancer is adequate. Consequently, referral for extraschedular consideration is not required. Thun, 22 Vet. App. 111; 38 C.F.R. 3.321(b)(1). 

The Board acknowledges that in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court held that a claim for a total disability rating based on individual unemployability is part of an increased rating claim when such claim is raised by the record. Here, the Veteran has not asserted that he is unemployable as a result of the disability discussed herein. Accordingly, no action is necessary under Rice.

The Board has considered the benefit of the doubt doctrine, but finds that the preponderance of the evidence is against the assignment of a disability rating in excess of 10 percent for residuals of prostate cancer. See 38 C.F.R. §§ 4.115a, 4.115b, Diagnostic Code 7528; Gilbert, 1 Vet. App. 49.

ORDER

Entitlement to a disability rating in excess of 10 percent for residuals of prostate cancer is denied.

____________________________________________
K. A. BANFIELD
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs